■ RITA GRAHAM, Individually and on Behalf of All Other Stockholders of J. EISENBERG, INC., Appellant, v. JESSE SAFIR, Respondent.— Order, entered on October 5, 1962, dismissing the complaint under rule 106 of the Rules of Civil Practice unanimously affirmed, without costs to either party. As between

the corporation (in behalf of which plaintiff sues) and defendant attorney, the corporation had the power to acquiesce in, and thereby "ratify", the payment of a forwarding fee to defendant attorney by the retained attorneys, although the fee was not based upon a division of service and responsibility and there was no prior disclosure. This follows from the fact that the corporation client could have, as between it and defendant attorney, consented to such distribution in the first instance (cf. Restatement, Agency [2d], § 84; 2 Fletcher, Cyclopedia Corporations [Perm. ed.], § 752). On the present submission it is not concluded that the client corporation would not have had the power to consent to a sharing of the legal fees. The element of acquiescence is compelled, for the purposes of this action, by the complaint allegation that, after request, the corporation refused to sue. No other question is decided. Particularly the court does not pass upon any remedy which may be available in a derivative stockholders' action against the management of the corporation for the ratification, nor does it otherwise pass upon the consequences of the conduct described. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.